# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◇
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
◇NEW JERSEY

REF:   970000.04700
       970000.04800
WRITER'S DIRECT DIAL:
       212-277-5824

**VIA ECF**                                                September 20, 2017

Honorable Raymond J. Dearie           Honorable I. Leo Glasser
United States District Judge          United States District Judge
United States District Court          United States District Court
Eastern District of New York          Eastern District of New York
225 Cadman Plaza East                 225 Cadman Plaza East
Brooklyn, New York 11201              Brooklyn, New York 11201

**RE: Notice of Related Case & Motion to Consolidate**
*Baron Walker v. City of New York, et al.*, **17-CV-3234 (RJD)(CLP)**
*Dwayne Wyatt v. City of New York, et al.*, **17-CV-3236 (ILG)(VMS)**

Honorable Judges Dearie and Glasser:

    I am an associate attorney at Beldock Levine & Hoffman LLP, counsel for plaintiffs in the above-referenced actions. Pursuant to Local Civil Rule 1.6 and Rule 50.3.1 of the Guidelines for the Division of Business among District Judges, I submit this letter to notify the Court of plaintiffs' position that *Baron Walker v. City of New York, et al.*, 17-CV-3234 (RJD)(CLP) and *Dwayne Wyatt v. City of New York, et al.*, 17-CV-3236 (ILG)(VMS) are related and pursuant to Rule 50.3.1(e) should be consolidated under the earlier filed docket at 17-CV-3234 before Judge Dearie. The parties have conferred, and defendants consent to consolidation as also stated at the September 14, 2017 conference before the Honorable Magistrate Judge Vera M. Scanlon in the *Wyatt* matter.

    **I. Facts Concerning the Parties and Claims**

    On May 30, 3017, Plaintiff Baron Walker filed his Complaint bringing federal claims against the City of New York and individual defendant John Does alleging violations of the Americans with Disabilities Act of 1990, amended and codified as 42 U.S.C. § 12132, et seq.,

September 20, 2017
Page 2

and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., 28 C.F.R. Part 35, in failing to provide reasonable accommodation for his disability while held at Brooklyn Central Booking, located at 120 Schermerhorn, Brooklyn, NY 11201, depriving him of his wheelchair, and discriminating against him because of his disability, and the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, for subjecting him to unconstitutional conditions of confinement, and the deprivation of rights accorded by the Fourth and Fourteenth Amendments to the United States Constitution.  Mr. Walker's Complaint and Demand for A Jury Trial is attached hereto as Exhibit 1.

Mr. Walker alleges that as a pretrial detainee he was held at Brooklyn Central Booking in unconstitutional conditions of confinement without his wheelchair, instead left immobile on the filthy and unsanitary cell floor, for approximately forty-two hours where toilets were not accessible and his requests for a reasonable accommodation were denied.  As a result of his experience as a pretrial detainee in the custody of the City of New York, Mr. Wyatt suffered pain, mental anguish, humiliation, and physical injury. On August 26, 2017, defendant the City of New York filed an Answer.  DE 13. An initial conference is scheduled in this matter for September 26, 2017 before the Honorable Magistrate Judge Cheryl L. Pollak.

On May 30, 3017, Plaintiff Dwayne Wyatt filed his Complaint bringing federal claims against the City of New York and John Does alleging violations of the Americans with Disabilities Act of 1990, amended and codified as 42 U.S.C. § 12132, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., 28 C.F.R. Part 35, in failing to provide reasonable accommodation for his disability while held at the 60th precinct and at Brooklyn Central Booking, depriving him of his wheelchair, and discriminating against him because of his disability, and the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, for subjecting him to unconstitutional conditions of confinement, and the deprivation of rights accorded by the Fourth and Fourteenth Amendments to the United States Constitution.  Mr. Wyatt also brings pendant claims under the laws of the State of New York. Mr. Wyatt's Complaint and Demand for A Jury Trial is attached hereto as Exhibit 1.

Mr. Wyatt alleges that while he was a pretrial detainee held at the 60th precinct and thereafter at Brooklyn Central Booking he was held in unconstitutional conditions of confinement whether the toilets were not wheelchair accessible and his requests for a urinary catheter were refused.  Mr. Wyatt was held at the precinct handcuffed in his wheelchair to a cell for seven hours, and thereafter dropped on the floor of a cell where he remained unable to move amidst filth and garbage for another five hours.  Throughout this period no accommodation was made for Mr. Wyatt to use the toilet or relieve himself.  Upon his transfer to Brooklyn Central Booking, Mr. Wyatt was again housed for six hours in a cell where toilets were not wheelchair accessible and was otherwise denied a reasonable accommodation for his disability. As a result of his experience as a pretrial detainee in the custody of the City of New York, Mr. Wyatt suffered pain, mental anguish, humiliation, and physical injury. On July 31, 2017, defendant the City of New York filed an Answer.  DE 12. An initial conference was held in this matter on September 14, 2017 before the Honorable Magistrate Judge Vera M. Scanlon. See Minute Entry.

September 20, 2017
Page 3

## II. Legal Basis for Consolidation

The parties, including plaintiffs Baron Walker and Dwayne Wyatt, and common defendant the City of New York, have conferred and believe the actions to be related and that they should be consolidated pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a), which governs motions to consolidate, states "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Here Mr. Walker and Mr. Wyatt bring federal claims concerning the conditions and circumstances of their pre-trial detention at Brooklyn Central Booking, and thus the cases present common questions of both law and fact.

Rule 50.3.1(a) provides that civil cases are related "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Here, both Walker and Wyatt not only present similar legal issues, but discovery in both cases will overlap concerning the factual inquiry into the structure of the facility at Brooklyn Central Booking and the accommodation provided to individuals who rely upon wheelchairs for mobility. Finally, both plaintiffs and defendants are presented by the same counsel on both matters.

## III. Discussion Between the Parties

On September 14, 2017, the undersigned counsel for plaintiffs Baron Walker and Dwayne Wyatt appeared for an initial conference before the Honorable Judge Scanlon in the *Wyatt v. City, 17-CV-3236 (ILG)(VMS)*. The possibility of consolidation was discussed on the record and both parties consented at that time. The parties again conferred by phone prior to the instant letter motion.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

Gillian Cassell-Stiga

CC: Evan Robert Schnittman
      Senior Counsel
      New York City Law Department
      General Litigation Division
      100 Church Street, Room 2-182
      New York, New York 10007