# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:
**970000.04700**

WRITER'S DIRECT DIAL:
**212-277-5824**

*ECF ONLY*                                                August 2, 2018

Hon. Judge Raymond J. Dearie            Hon. Cheryl L. Pollak
United States District Judge            United States Magistrate Judge
United States District Court            United States District Court
Eastern District of New York            Eastern District of New York
225 Cadman Plaza East                   225 Cadman Plaza East
Brooklyn, New York 11201                Brooklyn, New York 11201

**RE:**   *Baron Walker v. City of New York, et al.*, **17-CV-3234 (RJD)(CLP)**

Your Honor:

I write on behalf of plaintiff Baron Walker, putative class member Milan Heggs, and Disability Rights New York (DRNY) to respectfully request a pre-motion conference on our intended motions: (1) for Mr. Heggs intervene as plaintiff and proposed class representative, (2) for DRNY to intervene as plaintiff in its representational capacity; and (3) to request permission to file a Second Amended Class Action Complaint.

## Background

On February 2, 2018, plaintiff Baron Walker filed a First Amended Class Action Complaint (the "Class Action Complaint") on behalf of himself and a class of individuals similarly situated, seeking both damages and injunctive relief. *See* Docket Entry No. 19. Mr. Walker brought claims for violations of his constitutional rights through 42 U.S.C. § 1983, and rights provided by the Americans with Disabilities Act of 1990, amended and codified as 42 U.S.C. § 12132, *et seq.* (ADA), and the Rehabilitation Act of 1973, arising from the policies and practices of Defendant the City of New York concerning custodial arrest and pre-arraignment confinement of individuals with mobility disabilities.

On May 25, 2018, plaintiff provided written notice to Defendant City of New York of his intent to amend the complaint to expand the proposed classes to all five boroughs of New York

Hon. Judge Raymond J. Dearie
Hon. Cheryl L. Pollak
August 2, 2018
Page 2

City. *See* Docket Entry No. ("Dkt. No.") 51-6, at Point IV. On June 22, 2018, plaintiff Baron Walker filed a motion to compel class discovery, which is currently pending before Magistrate Judge Pollak. *See* Dkt. No. 51, 52, 55. On July 20, 2018, Defendant City of New York served a Rule 68 Offer on plaintiff Baron Walker "in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of City Defendants."

By this motion, proposed plaintiff and putative class member Milan Heggs, and proposed plaintiff DRNY, filing as the Protection and Advocacy system for persons with disabilities, who seek to assert the class claims in the Class Action Complaint, serve notice of the intent to move to intervene as plaintiffs and class representatives and file the proposed Second Amended Class Action Complaint, attached hereto at Exhibit A.

### Argument

Proposed plaintiffs Milan Heggs and DRNY, along with plaintiff Baron Walker, jointly request permission for Milan Heggs and DRNY to intervene in this action as plaintiffs and class representatives pursuant to Fed.R.Civ.P. 24(a), or in the alternative Fed.R.Civ.P. 24(b). Mr. Heggs is a member of the class as presently defined in the Class Action Complaint, and has individual claims are representative of class claims. As a Protection and Advocacy system (P&A), DRNY is specifically authorized to pursue legal remedies and ensure the protection of the rights of individuals with disabilities. 42 U.S.C. § 15043(a)(2)(A)(i); N.Y. Exec. Law § 558(b). Both proposed plaintiff applicants' motions are timely and should be granted as of right.

Rule 24(a)(2) provides for intervention as of right to "anyone" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). To establish this right, the applicant must make a four-part showing: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Rule 24(b) provides for permissive intervention on a timely motion by an applicant who: (a) is given a conditional right to intervene by a federal statute, or (b) has a claim or defense that shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b).

1. **Mr. Heggs is Entitled to Intervention as of Right**

Proposed plaintiff Milan Heggs meets all of the qualifications for intervention as of right pursuant to Fed.R.Civ.P. 24(a)(2). Mr. Heggs, who requires an assistive mobility device, is a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act.

Hon. Judge Raymond J. Dearie
Hon. Cheryl L. Pollak
August 2, 2018
Page 3

*See* Exhibit A. On April 30, 2018, Mr. Heggs was arrested in Brooklyn and thereafter held in the custody by Defendant City of New York in a manner giving rise to his claims as a putative class member. As Mr. Heggs is a member of the putative classes as defined in the Class Action Complaint (presently limited to individuals arrested in Brooklyn) and his claims were timely when the Class Action Complaint was filed on February 2, 2018. The statute of limitations on Mr. Heggs's federal claims has not run. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553-54 (1974). The statute of limitations is similarly stayed as to all other putative class members. *Id*. Mr. Heggs' claims are still timely, as is this motion to intervene, brought prior to dismissal of claims brought by plaintiff Baron Walker. *Compare Binson v. J.E. Robert Co.*, 03-CV-3562, 2006 U.S. Dist. LEXIS 101012, at *65-66 (E.D.N.Y. June 27, 2006)(Pollak, J.). This Court still has jurisdiction to grant proposed plaintiffs' motions to intervene.

Further, Mr. Heggs' interests are not adequately represented by existing parties. "Intervention is appropriate to maintain the action in the face of potential mootness of named plaintiffs." *Rivera v. N.Y.C. Hous. Auth.*, 94-CV-4366 (PKL), 1995 U.S. Dist. LEXIS 8617, at *11 (S.D.N.Y. June 22, 1995). The class claims asserted by putative class representative Dwayne Wyatt were dismissed after acceptance of a Rule 68 Officer of Judgment on July 3, 2018. *See* 17-CV-03236 (RJD)(CLP), at Docket No. 51. Defendant City of New York has similarly served a Rule 68 Offer of Judgment on plaintiff and putative class representative Baron Walker. It is therefore Mr. Heggs's understanding that remaining class representative Mr. Walker may no longer adequately represent his interests. Defendants have also asserted that Mr. Walker is not an adequate class representative of those individuals who—like Mr. Heggs—were handcuffed to a stationary structure. Mr. Walker therefore consents to Mr. Heggs's motion to intervene as a class representative. This Court should grant proposed plaintiff Milan Heggs's motion to intervene as of right. Alternatively, Mr. Heggs has claims that share with the action common questions of law and fact and this motion is timely pursuant to Fed.R.Civ.P. 24(b)(1)(b).

   2. **DRNY is Entitled to Intervention as of Right**

As the P&A, DRNY is entitled to intervene in this action as of right. DRNY is specifically authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals with disabilities. 42 U.S.C. § 15043(a) (2)(A) (i); N.Y. Exec. Law § 558(b). DRNY first met with Baron Walker in May and has an interest in ensuring that, not only Mr. Walker's rights, but those of other similarly situated individuals with mobility disabilities, are adequately represented and protected. DRNY's interest in this action arises out of the same transaction that is the subject of the action, in that DRNY's interest in representing individuals with disabilities requires protecting those individuals from deficient municipal policies and practices. Repeated attempts to moot putative class representatives, without an agreement to specific remedial measures and oversight of those remedial measures, causes great concern for DRNY. The disposition of Mr. Walker's individual claims, after similar disposition of Mr. Wyatt's claims, may practically impair the DRNY's ability to protect its interest in remedial measures and plaintiff Baron Walker

Hon. Judge Raymond J. Dearie
Hon. Cheryl L. Pollak
August 2, 2018
Page 4

may not adequately represent DRNY's interest. For these reasons, the Court should grant DRNY's application to intervene in this action as of right.

### 3. Proposed Amendment of the Complaint

Additionally, plaintiff and both proposed plaintiffs seek leave to amend the complaint to expand the putative classes to all individuals similarly situated in New York City, and to add claims pursuant to New York City Human Rights Law (NYCHRL). As a preliminary matter, under the Federal Rules, leave to amend a complaint "will be freely given when justice so requires." Fed.R.Civ.P. 15(a). In the Second Circuit, "[t]he rule . . . has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Because there has not been a ruling on class certification, the statute of limitations continues to be tolled regarding any claims contained within the original complaint and which defendants have been on notice throughout this lawsuit. *See American Pipe*, 414 U.S. at 553-54.

The NYCHRL claims arise out of the same transaction or occurrence as that alleged in the Class Action Complaint and therefore relate back to the initial filing. Under Federal Rule 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading "when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Plaintiff and proposed plaintiffs should be permitted to amend the complaint to add NYCHRL claims.

Claims of the proposed expanded city-wide classes also arise out of the same transaction or occurrence as those alleged in the Class Action Complaint. Defendant City of New York was put on notice of our intent to expand the proposed class city-wide both by written letter on May 25, 2018, and by means of the initial Class Action Complaint which included extensive allegations concerning a deficient city-wide municipal policy. *See Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 155-156 (E.D. Mich. 1998) (granting expansion of class where defendants' had notice). As both the NYCHRL and expanded claims are timely, relate back to the date of the initial filing of the Class Action Complaint, and defendants were placed on notice of these claims, plaintiff and proposed plaintiffs Milan Heggs and DRNY submit that the requested amendment should be granted.

Plaintiff and proposed plaintiffs thank the Court for its time and attention in this matter.

Respectfully submitted,

By: _____

Hon. Judge Raymond J. Dearie
Hon. Cheryl L. Pollak
August 2, 2018
Page 5

                                                                        Gillian Cassell-Stiga
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: 212-490-0400
E: gcassell@blhny.com

Michael L. Spiegel
11 Park Place, Suite 914
New York, NY 10007
P: 212-587-8558
E: MIKESPIEG@aol.com

Megan Williams
Disability Rights New York
725 Broadway, Suite 450
Albany, NY 12207
P: 518-512-4918
E: Megan.Williams@drny.org

*Attorneys for Plaintiff and*
*Proposed Plaintiffs-Intervenors*

CC:    Evan Robert Schnittman
         Senior Counsel
         New York City Law Department
         General Litigation Division
         100 Church Street, Room 2-182
         New York, New York 10007
         *Attorneys for Defendants*