

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

EVAN SCHNITTMAN
phone: (212) 356-2613
fax: (212) 356-8760
email: eschnitt@law.nyc.gov
(not for service)

August 7, 2018

**BY ECF and REGULAR MAIL**
Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Walker v. City of New York, 17-CV-3234 (RJD)(CLP)

Dear Judge Dearie:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for City Defendants in the above-referenced action. I write in response to the letter dated August 2, 2018 on behalf of Plaintiff Baron Walker and proposed intervenors Milan Heggs and Disability Rights New York ("DRNY"), which requested a pre-motion conference regarding their anticipated motions for: 1) Mr. Heggs to intervene as a Plaintiff and proposed class representative; 2) DRNY to intervene as a Plaintiff in its representational capacity; and 3) permission to file the Proposed Second Amended Class Action Complaint (dkt. no. 60-1) (the "Proposed Second Amended Complaint"). See Dkt. No. 60.

      City Defendants do not object to the intervention into this action by Mr. Heggs and DRNY. However, City Defendants object to the filing of the Proposed Second Amended Complaint as drafted because it includes allegations and claims on behalf of Plaintiff Walker and names the individual Defendants whom he sues, and Plaintiff Walker recently resolved his claims by accepting City Defendants' Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure ("City Defendants' Rule 68 Offer").

      On July 20, 2018, City Defendants served their Rule 68 Offer on Plaintiff Walker. On August 3, 2018, City Defendants received a letter on behalf of Plaintiff Walker informing City Defendants that he accepted their Rule 68 Offer ("Plaintiff Walker's Notice of Acceptance"). Copies of City Defendants' Rule 68 Offer and Plaintiff Walker's Notice of Acceptance are enclosed with this letter.

Accordingly, Plaintiff Walker's claims have been resolved. However, the Proposed Second Amended Complaint includes allegations on behalf of Plaintiff Walker in addition to Mr. Heggs and DRNY. See generally Dkt. No. 60-1. It also names the 11 individual Defendants who have been sued by Plaintiff Walker: Officer Michael Parks; Officer Edward Najarro; Officer Carlos Colon; Officer Robert Schwab; Detective Jennyann Nelson; Sergeant Raymond Gonzalez; Detective Brenda Vasquez; Sergeant Dan Ospina; Officer Edward Vavruick; Sergeant Jerry Sukhnandan; and Officer Jason Whyte (the "Individual Defendants"). Compare Dkt. No. 60-1 with Dkt. No. 19 (Plaintiff Walker's First Amended Class Action Complaint).

As Plaintiff Walker settled his claims against City Defendants, his allegations, claims, and the Individual Defendants whom he sues should not be included in the Proposed Second Amended Complaint. See United States ex rel. Barmak v. Sutter Corp., No. 95-CV-7637, 2002 U.S. Dist. LEXIS 8509, at *13 (S.D.N.Y. May 13, 2002) ("Were I to require Defendants to answer the Second Amended Complaint as written they would necessarily have to defend claims they have already settled."); Jose Armando Bermudez & Co. v. Bermudez Int'l, Inc., No. 99-CV-9346, 2001 U.S. Dist. LEXIS 18121, at *5 n.2 (S.D.N.Y. Nov. 6, 2001) ("Plaintiff and [one defendant] settled the claims against [that defendant] after plaintiff filed its motion. Accordingly, those portions of the proposed amended complaint cannot be included in the case.").

Thus, City Defendants object to the filing of the Proposed Second Amended Complaint as drafted because it includes claims and allegations on behalf of Plaintiff Walker and names Individual Defendants whom Plaintiff Walker has sued even though Plaintiff Walker has since resolved his claims against City Defendants. City Defendants, however, would consider consenting to the filing of an amended pleading that only included the claims and allegations specific to Mr. Heggs and DRNY as well as the Defendants whom they intend to sue.

Thank you for considering the foregoing.

Respectfully submitted,

s/

Evan Schnittman
Assistant Corporation Counsel

Enclosures

cc: Ms. Gillian Cassell-Stiga, Esq. (attorney for Plaintiff Walker and Mr. Heggs)
    Mr. Michael L. Spiegel, Esq. (attorney for Plaintiff Walker)
    Ms. Megan Williams, Esq. (attorney for Mr. Heggs and DRNY)