**EXHIBIT 18**



**PATROL GUIDE**

| Section: Tactical Operations | Procedure No: 221-02 |
|---|---|
| **USE OF FORCE** | |
| DATE ISSUED: 06/27/16 | DATE EFFECTIVE: 06/27/16 | REVISION NUMBER: | PAGE: 1 of 4 |

**PURPOSE**   To provide guidelines for members of the service (MOS) regarding the use of force, and ensure that each use of force is properly reported and documented.

**DEFINITIONS**   DE-ESCALATION – Taking action to stabilize the situation and reduce the immediacy of the threat so that more time, options, and/or resources become available (e.g., tactical communication, requesting a supervisor, additional MOS and/or resources such as Emergency Service Unit or Hostage Negotiation Team, etc.). The goal is to gain the voluntary compliance of the subject, when appropriate and consistent with personal safety, to reduce or eliminate the necessity to use force.

ACTIVE RESISTING – Includes physically evasive movements to defeat a member of the service's attempt at control, including bracing, tensing, pushing, or verbally signalling an intention to avoid or prevent being taken into or retained in custody.

ACTIVE AGGRESSION – Threat or overt act of an assault (through physical or verbal means), coupled with the present ability to carry out the threat or assault, which reasonably indicates that an assault or injury to any person is imminent.

PASSIVE RESISTANCE – Minimal physical action to prevent a member from performing their lawful duty. For example, a subject failing to comply with a lawful command and stands motionless and/or a subject going limp when being taken into custody.

RESISTING ARREST (NYS PENAL LAW) - A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

**PROCEDURE**   When a member of the service must gain compliance, control, or custody of an uncooperative subject, the member should comply with *P.G. 221-01, "Force Guidelines"* and:

**UNIFORMED MEMBER OF THE SERVICE**
1. Take necessary action to protect life and personal safety of all persons present, including subjects being placed into custody.
2. Utilize de-escalation techniques when appropriate and consistent with personal safety, which may reduce or eliminate the need to use force, and increase the likelihood of gaining the subject's voluntary compliance.
3. Isolate and contain the subject, if appropriate.
4. Immediately request a supervisor to respond, as soon as appropriate and safety permits.
5. Request additional members, as necessary, to control situation.
6. Request the response of the Emergency Service Unit, if appropriate.

*NOTE*  *MOS should consider whether a subject's lack of compliance is a deliberate attempt to resist, or alternatively, an inability to comply, resulting from factors including, but not limited to, medical condition, mental impairment, developmental disability, physical limitation, language barrier, and/or drug interaction.*

**UNIFORMED MEMBER OF THE SERVICE (continued)**

7. Comply with *P.G. 221-13, "Mentally Ill or Emotionally Disturbed Persons,"* if the subject is acting in a manner that would lead the member of service to believe that the subject is emotionally disturbed or under the influence of a mind-altering substance.

**SUPERVISOR ON SCENE**

8. Assume command of the incident and coordinate the use of de-escalation techniques, if appropriate and consistent with officer safety.
9. Direct tactics to minimize the possibility of injury to members of the service, the subject, or bystanders.

**UNIFORMED MEMBER OF THE SERVICE/ SUPERVISOR ON SCENE**

10. If the use of de-escalation and conflict negotiation techniques fail to persuade an uncooperative subject to cooperate, the supervisor/members of the service present should, if appropriate and consistent with officer safety:
    a. Advise the offender that he/she will be charged with the additional offense of resisting arrest
    b. Devise a tactical plan with members present to restrain the subject while minimizing the possibility of injury to members of the service, the subject, and bystanders
    c. Advise the offender that physical force or other devices (e.g., O.C. pepper spray, shield, baton/asp, etc.) will be used to handcuff/restrain him/her before applying such force, if appropriate.

*NOTE*  *Members of the service should not use O.C. Pepper Spray, Conducted Electrical Weapon, or impact weapons on persons who are passively resisting.*

11. Apply no more than the reasonable force necessary to gain control.
    a. Avoid actions which may result in chest compression, such as sitting, kneeling, or standing on a subject's chest or back, thereby reducing the subject's ability to breathe.
12. Assess the situation continually and adjust the use of force as necessary.

*NOTE*  *All members of the service must intervene to stop another member of the service from using excessive force. Failure to intervene in the use of excessive force, or report excessive force, or failure to request or to ensure timely medical treatment for an individual is serious misconduct that may result in criminal and civil liability and will result in Department discipline, up to and including dismissal. If a member of the service becomes aware of the use of excessive force or failure to request or to ensure timely medical treatment for an individual, the member must report such misconduct to the Internal Affairs Bureau Command Center. This report can be made anonymously.*

| | | |
|---|---|---|
| *NOTE (continued)* | | *Obtaining a Confidential Identification Number from the Command Center investigator will satisfy the member's reporting responsibility, if the information is accurate and complete. Subsequent or ongoing reporting is encouraged to ensure the information is timely and complete and may be made by referencing the Confidential Identification Number.* |
| **UNIFORMED MEMBER OF THE SERVICE** | 13. | Rear-cuff the subject, when practical. |
| | a. | If it is safer for the member of the service and the subject, the member of the service may front-cuff the subject initially, and then rear-cuff as soon as it is practical and safety allows. |
| | b. | If members of the service are having difficulty rear-cuffing a subject, Department issued leg restraints or Velcro straps to immobilize the legs of a subject may be used as an effective tactic to gain control, limit the subject's ability to flee or harm other individuals, and allow the subject to be safely rear-cuffed with minimal force. |
| *NOTE* | | *If available, Department issued alternative restraining devices should be used to restrain, or further restrain, subjects whose actions may cause injury to themselves or others.* |
| | 14. | Position the subject to promote free breathing, as soon as safety permits, by sitting the person up or turning the person onto his/her side. |
| | 15. | Observe the subject closely for injuries, signs of serious illness, or difficulty breathing. |
| | 16. | Whenever any level of force is used, inquire if subject requires medical attention and document response to inquiry in **ACTIVITY LOG (PD112-145)**. |
| | 17. | If the subject is injured or ill, ensure subject receives proper medical attention. |
| | 18. | Ensure subject receives <u>immediate</u> medical attention and provide first aid, if appropriate and properly trained, if subject is having difficulty breathing or demonstrates any potentially life-threatening symptoms or injuries. |
| | 19. | If the location of the police action is poorly lit, use a flashlight or other source of illumination to maintain a clear view of the subject at all times. |
| | 20. | Notify immediate supervisor regarding the type of force used, the reason force was used, and injury to any person involved. |
| | 21. | Document use of force in **ACTIVITY LOG**. |
| **IMMEDIATE SUPERVISOR** | 22. | Perform duties of the "immediate supervisor" as per *P.G. 221-03, "Reporting and Investigation of Force Incident or Injury to Persons During Police Action,"* when notified or after becoming aware of any use of force incident. |
| *RELATED PROCEDURES* | | *Reporting and Investigation of Force Incident or Injury to Persons During Police Action (P.G. 221-03)*<br>*Force Guidelines (P.G. 221-01)*<br>*Mentally Ill or Emotionally Disturbed Persons (P.G. 221-13)*<br>*Member of the Service Subjected to Force While Performing Lawful Duty (P.G. 221-06)* |

**NEW • YORK • CITY • POLICE • DEPARTMENT**

*FORMS AND*     *ACTIVITY LOG (PD112-145)*
*REPORTS*     *STOP REPORT (PD383-151)*
                       *ON LINE BOOKING SYSTEM ARREST WORKSHEET (PD244-159)*
                       *MEDICAL TREATMENT OF PRISONER (PD244-150)*
                       *AIDED REPORT WORKSHEET (PD304-152b)*