UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAN HEGGS, ROY BECKFORD and PHILIP LEGREE, *individually and on behalf of a class of all others similarly situation*,<br>　　　　　　　　　　Plaintiffs,<br>and<br><br>DISABILITY RIGHTS NEW YORK,<br>　　　　　　　　　　Plaintiff,<br>and<br><br>DISABLED IN ACTION,<br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE (NYPD), COMMISSIONER JAMES P. O'NEILL; NYPD COMMISSIONER DERMOT F. SHEA; NYPD OFFICER (P.O.) ROBERT BERNHARDT; P.O. MOORAN, P.O. SLATER; JOHN DOES 1-8,<br>　　　　　　　　　　Defendants. | No. 17-CV-03234 (RJD)(TAM) |

**DECLARATION OF MICHAEL L. SPIEGEL IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

MICHAEL L. SPIEGEL declares under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.　　I am an attorney admitted to practice before the courts of the State of New York and this District. I submit this declaration in support of Plaintiffs' Motion for Class Certification.

2.　　I have been one of the counsel representing the plaintiffs in this action since its inception, which was initiated by a complaint filed by individual plaintiff Baron Walker on May

1

30, 2017 (Dkt. 1)[1]. Consequently, I am fully familiar with the facts and circumstances concerning the prosecution of this action, including the drafting and filing of the First Amended Class Action Complaint on February 2, 2018 (Dkt. 19); the subsequent amended complaints (Dkts. 64, 124); and the discovery herein over the past five years.

## ATTORNEY BACKGROUND AND EXPERIENCE

3. I am a solo practitioner with offices at 48 Wall Street, Suite 1100, New York, New York.

4. I attended Harvard College and City University of New York, and received my Juris Doctor degree from New York University School of Law. I was a Root Tilden Scholar at New York University School of Law, and I clerked for the Honorable Whitman Knapp during law school.

5. I am a member of the New York and California state bars; I am also a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York, and the Northern and Eastern Districts of California, the United States Courts of Appeals for the Second and Ninth Circuits, and the United States Supreme Court.

6. I was an associate attorney at the firm of Kostelanetz, Ritholz, Tigue, & Fink upon graduation from law school in 1984, and then joined the Legal Aid Society Criminal Defense Division in 1986. I was qualified to handle homicide cases, and tried many to verdict.

7. In 1992, I took a year's leave of absence from the Legal Aid Society to become the founding Director of a federally-funded HIV Legal Assistance Clinic at the Legal Action Center

---

[1] Plaintiff Walker accepted a Rule 68 Offer after the filing of the First Amended Complaint, which joined other plaintiffs (Dkts. 19, 72).

in New York City. I tried the first test of New York's Penal Law Section 220.45, Criminal possession of a hypodermic instrument, under circumstances in which the defendants had publicly distributed clean needles to drug users to inhibit the spread of HIV. They were acquitted based upon the "necessity defense," starting a wave of de-criminalization of such criminal possession statutes across the country. People v. Bordowitz, 155 Misc. 2d 128 (N.Y. Crim. Ct. 1991).

8. In 1994, I moved to California and entered private practice. I was appointed to represent two death row clients in federal *habeas corpus* proceedings in the Northern and Eastern Districts of California: Danielson v. Calderon in 1995, and Crittenden v. Chappell in 1996. Petitioner Danielson took his own life on death row. I represented petitioner Crittenden for nineteen years, until the petition was granted by the Ninth Circuit Court of Appeals in Crittenden v. Chappell, 804 F.3d 998 (9th Cir. 2015) (granting petition on Batson violation grounds).

9. In 1995, I returned to New York City and opened a solo practice focusing on police misconduct, first amendment, and death penalty litigation.

10. I was qualified to represent defendants facing the death penalty under the 1995 New York State capital punishment statute, and in 2003 I tried a capital case to a penalty phase verdict sparing the life of the defendant, People v. Alvarez, Indictment No. 1352/00, Westchester County.

11. Since 2000, the overwhelming majority of my cases have involved constitutional claims of false arrest, malicious prosecution and/or excessive force by police officers. I have litigated over 200 civil rights cases in the Southern and Eastern Districts of New York. I have settled police misconduct cases for amounts as high as $2,750,000, and obtained verdicts as high as $2,500,000, Gad Alla v. City of New York, No. 11 CV 892 (E.D.N.Y.).

12. I have litigated several cases arising from inmate deaths on Rikers Island.

13. I have litigated numerous police and corrections department misconduct cases under the Americans with Disabilities Act.

14. I was an attorney for approximately 250 people arrested during the 2004 Republican National Convention ("RNC"), and litigated those cases over nine years, including a successful motion for plaintiffs' summary judgment at one of the mass arrest locations during that event, Abdell v. The City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), *sub nom* Dinler v. The City of New York, No. 04 Civ. 7921, 2012 U.S. Dist. LEXIS 141851, at *23-39 (S.D.N.Y. Sept. 30, 2012); and a plaintiffs' verdict at trial awarding compensatory and punitive damages, Abdell v. City of New York, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), Judgment at Dkt. 432.

15. I am counsel in a pending putative class action arising from the arrest of over 300 people in the Mott Haven neighborhood of the Bronx on June 4, 2020, at a protest ten days after the killing of George Floyd by a police officer in Minneapolis. Sierra-Wood v. City of New York, 20 CV 10291/10541(CM) (S.D.N.Y.).

16. I have been successful in every appeal of a section 1983 judgment as both an appellant and appellee.

17. As a result of my experience and reputation, I am regularly consulted by practitioners in New York and other states for advice on how to handle section 1983 cases.

18. I served on the Civil Rights Committee of the Association of the Bar of the City of New York for three years.

19. I have lectured at many Continuing Legal Education programs on Section 1983 law and litigation. I have been a faculty member at the American Association for Justice Annual Convention Education Program. I delivered a presentation on Section 1983 as part of a Federal

Bar Council program attended by 185 district and appellate law clerks in the Second Circuit. I was a member of the faculty of the annual Intensive Trial Advocacy Program at Cardozo Law School for twenty years, and I have taught in the same program at the University of San Francisco School of Law.

Dated: New York, New York
September 16, 2022

Respectfully submitted,

*Michael L Spiegel*
Michael L. Spiegel