UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Milan Heggs, *et al.*,

                Plaintiffs,                   **MEMORANDUM & ORDER**
                                                                           17-CV-03234 (DG) (TAM)

    -against-

The City of New York, *et al.*,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On February 2, 2023, Plaintiffs filed a Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Motion"). *See* ECF No. 171.[1] Defendants opposed the Motion. *See* ECF No. 172. On February 10, 2023, the Motion was referred to Magistrate Judge Taryn A. Merkl for a report and recommendation, *see* February 10, 2023 Order, and on July 24, 2023, Judge Merkl held oral argument on the Motion, *see* ECF No. 187. On August 24, 2023, Judge Merkl issued a Report and Recommendation ("R&R") recommending that the Court deny the Motion. *See* R&R at 2, 48, ECF No. 190.

       On October 27, 2023, Plaintiffs filed their objections to the R&R. *See* Plaintiffs' Objections to the R&R ("Pls.' Obj. Br."), ECF No. 199. In their objections briefing, Plaintiffs state that they "specifically object to every portion of the R&R" and argue, *inter alia*, that "the R&R wrongly concluded that people with mobility disabilities do not necessarily suffer injuries after being arrested by the NYPD" and that "the R&R conceptualizes the injuries suffered by arrestees with mobility disabilities far more narrowly than is appropriate for analyzing either standing or class certification." *See generally* Pls.' Obj. Br. Plaintiffs attach to their objections

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

briefing certain declarations, ECF Nos. 199-2, 199-3, and 199-4, which were not previously submitted and therefore not before Judge Merkl prior to the time that she issued the R&R, and Plaintiffs argue that the Court should consider these declarations now.  *See* Pls.' Obj. Br. at 4 n.1 (arguing that the Court has discretion to consider the declarations, that efficiency and fairness militate toward considering the declarations, and that Plaintiffs have presented a compelling reason to consider the declarations).

Defendants did not file any objections to the R&R but did file a response to Plaintiffs' objections in which Defendants request that the R&R "be adopted in its entirety" and argue that Plaintiffs "improperly rely upon new evidence and legal arguments in their Objection," "fail to establish standing for Plaintiff Beckford," "fail to establish standing for organizational plaintiff DIA," and "fail to meet the requirements of FRCP 23(a) and FRCP 23(b)(3)."  *See generally* ECF No. 200.

On January 17, 2024, the Court held oral argument on Plaintiffs' objections to the R&R.  *See* January 17, 2024 Minute Entry.

*  *  *

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950,

2

2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiffs' objections to the R&R, the Court reviews the R&R *de novo*. A review of the R&R, the record, and the applicable law reveals that Judge Merkl properly concluded that Plaintiffs' Motion for Class Certification should be denied. The Court adopts Judge Merkl's thorough and well-reasoned R&R.[2]

Plaintiffs' Motion for Class Certification, ECF No. 171, is DENIED.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: February 23, 2024
        Brooklyn, New York

---

[2] Plaintiffs have not demonstrated – either in their objections briefing or through oral argument – a compelling justification for Plaintiffs' failure to present to Judge Merkl the information contained in the declarations attached to Plaintiffs' objections briefing and, contrary to Plaintiffs' assertion, considerations of efficiency and fairness do not counsel in favor of consideration of the declarations. In any event, however, even when considered, the declarations do not alter the Court's conclusion that the R&R should be adopted and that the Motion for Class Certification should be denied.